In re HAYNES SON & CO.

(District Court, N. D. Georgia.  March 5, 1915.)

BANKRUPTCY ⬤⟞145—NOVATION ⬤⟞1—ACCEPTANCE OF DRAFT IN PAYMENT—
"ACCORD AND SATISFACTION."

Claimant, within four months before bankruptcy, sued the bankrupt and garnisheed an insurance company.  The insurance company's agent gave claimant a draft on its home office, and the claimant's president instructed its attorney to dismiss the garnishment proceedings, but through inadvertence this was not done.  The insurance company did not pay the draft, and the president directed the attorney to proceed on the draft by garnishment against the local agent.  The attorney, however, instead of suing on the draft, based the garnishment proceedings on the judgment against the bankrupt.  Civ. Code Ga. 1910, § 4326, provides that an "accord and satisfaction" arises where the parties by a subsequent agreement have satisfied the former one, and the latter agreement has been executed, and that the execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties.  *Held*, that the facts showed that the draft was taken in payment, and that there was a novation, by which the bankrupt was released from liability, and the insurance company became claimant's debtor; and hence claimant was entitled to the amount due from the company to the extent of the draft as against the trustee in bankruptcy, though claimant obtained no rights under the garnishment, in view of Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (Comp. St. 1913, § 9651), invalidating levies, judgments, attachments, or other liens obtained against an insolvent person within four months before the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 205, 230–232, 231; Dec. Dig. ⬤⟞145; Novation, Cent. Dig. § 1; Dec. Dig. ⬤⟞1.

For other definitions, see Words and Phrases, First and Second Series, Accord and Satisfaction.]

In Bankruptcy.  In the matter of Haynes Son & Co., bankrupt.  Ancillary proceedings in aid of a receiver in Alabama.  Ordered as stated in the opinion.

Smith, Hammond & Smith, of Atlanta, Ga., for receiver.
Arthur Heyman, of Atlanta, Ga., for defendant.
F. L. Eyles, of Atlanta, Ga., for M. C. Kiser Co.

NEWMAN, District Judge.  The question presented here is whether or not the claim of the M. C. Kiser Company against Haynes Son & Co. was in fact paid or settled as against Haynes Son & Co. by the acceptance by the M. C. Kiser Company of a draft drawn by the agent here of the National Fire Insurance Company of Hartford on the company's home office in Hartford.

The M. C. Kiser Company having garnisheed the National Fire Insurance Company of Hartford in the suit against Haynes Son & Co., the insurance company answered that it owed Haynes Son & Co. $1,-000; this answer being made by Hugh T. Powell, its agent in Atlanta, upon whom service of garnishment had been made.  The draft, which is now before me, drawn by Powell on his company, was for $304.45, and a receipt is entered on it by Gordon P. Kiser, the president of the M. C. Kiser Company, for that amount.  The draft was not paid by

the home office, because, as I understand the statement on it, there was no release from the insured, and the draft was improperly drawn.

It is clear that the garnishment proceedings, having been instituted within four months of the bankruptcy, would fail by reason of the bankruptcy, and the M. C. Kiser Company obtained no rights thereby. Bankr. Act, § 67f. The real question is as to the effect of a draft given by Mr. Powell, agent of the insurance company, in payment of the debt of Haynes Son & Co., on which a judgment against the insurance company had been obtained in the garnishment proceedings.

Some testimony has been taken, and is to the effect that the M. C. Kiser Company received the draft, not simply as a draft which would extinguish the debt when the draft was paid, but as being itself a payment of the debt; a novation being claimed. The testimony is that the Kiser Company has no longer any claim against Haynes Son & Co., but that the insurance company has become and is now its debtor.

Thus far the testimony and the appearance of the papers in evidence are favorable to the Kiser Company, and would seem to show that there was a novation of the contract, and that the insurance company became liable to the Kiser Company. The president of the Kiser Company testified that upon the return of the draft he turned the matter over to counsel for his company, with directions to proceed by garnishment against the local agent in Atlanta of the National Fire Insurance Company of Hartford (the Cliff C. Hatcher Insurance Agency), basing the garnishment on the draft which had been obtained by the Kiser Company on the National Fire Insurance Company. This would indicate that the Kiser Company claimed, as is testified by its representatives, that it no longer claimed a debt against Haynes Son & Co., but that its debt was against the insurance company.

The president of the Kiser Company had instructed its attorney to dismiss the garnishment proceedings in the state court when the draft on the insurance company was received. Through inadvertence on the part of the attorney this has not been done, having been overlooked or forgotten in the stress of business. I hardly think the fact that this proceeding was based on the judgment, particularly as, according to the evidence, it was contrary to instructions received by the attorney, would be sufficient to defeat the rights of the M. C. Kiser Company, which it had clearly acquired when it accepted the draft, as the testimony here of both the president of the M. C. Kiser Company and Mr. Powell, the agent of the insurance company, shows it did, in full payment of its claim against Haynes Son & Co. According to the testimony of both the president of the Kiser Company and its attorney, the latter was definitely instructed, the date the draft was given, to dismiss all the garnishment proceedings; consequently, when the draft was returned unpaid and Mr. Kiser instructed his attorney to have summons of garnishment served on the Cliff C. Hatcher Insurance Agency, he must have intended that it should be based on the draft, because he supposed, and he so testified here, that the garnishment proceedings were all dismissed.

Section 4326 of the Code of Georgia provides that:

"Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed.

The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties."

As I have stated, the claim here on the part of the Kiser Company is that they accepted this draft in satisfaction of their debt, and the testimony of the president of the Kiser Company and also of Mr. Powell is to the effect that this was true; that is, that it was understood that the draft extinguished all indebtedness against Haynes Son & Co. This being true, the only question, as remarked above, is whether taking out the new garnishment based on the judgment is sufficient to deprive the Kiser Company of the right it had obtained by novation of the contract and the acceptance of the draft in payment of its debt. It is not sufficient, in my opinion, to do so. Particularly is this true in view of the testimony of Mr. Eyles, counsel for the Kiser Company. He testifies that, when the draft was received from the agent of the insurance company, Mr. Kiser told him the understanding was that all garnishment proceedings should be dismissed, and that he would have done so at once, but he was very busy and overlooked it or forgot about it. When the draft came back unpaid, and he was instructed by Mr. Kiser to institute garnishment proceedings against the Cliff C. Hatcher Insurance Agency, finding that he had left the judgment open against the insurance company, he based the garnishment proceedings on that judgment, instead of a suit on the draft.

The Kiser Company should receive from the insurance company the amount of this draft, it being its duty, necessarily, to pay the costs on the new proceeding, and the remainder of the $1,000 should be paid to the trustee in bankruptcy.